

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# USA v. DeLos Santos

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. DeLos Santos" (2002). *2002 Decisions.* Paper 606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No:  01-4525


UNITED STATES OF AMERICA

v.

RAFAEL DE LOS SANTOS,
a/k/a GREGORIO URENA

Rafael DeLos Santos,

Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00160)
District Court Judge:  The Honorable Franklin S. VanAntwerpen


Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002

Before:  SLOVITER, RENDELL, FUENTES, Circuit Judges

(Opinion Filed: September 24, 2002)


OPINION OF THE COURT


FUENTES, Circuit Judge:

On March 22, 2001, a federal grand jury charged Defendant Rafael De Los Santos with illegal re-entry by an alien previously deported following conviction for an aggravated felony, in violation of 8 U.S.C.  1326(a) and (b).  On June 14, 2001, De Los Santos and the Government signed a plea agreement, which noted that the charge carried a maximum sentence of twenty-years imprisonment.  De Los Santos now challenges the four-year sentence imposed by the District Court under  1326(b)(2) on the grounds that the District Court only recited the elements of the lesser included offense under  1326(a) before his plea.  Section 1326(a) carries a maximum sentence of two-years.  Based on the current state of Supreme Court precedent, we affirm the sentence imposed by the District Court.

I.

De Los Santos is a citizen of the Dominican Republic.  In 1996, he was convicted and sentenced in the state court system of New York for criminal sale of a controlled substance.  After he served sixteen months, the Immigration and Naturalization Service (INS) assumed custody of De Los Santos in order to initiate deportation proceedings.  On March 18, 1997, the INS deported him to the Dominican Republic.  De Los Santos re-entered the United States later that year.

On March 22, 2001, a federal grand jury indicted De Los Santos for various offenses. The dispute in this case centers on Count One of the indictment, which charged De Los Santos with illegal re-entry in violation of 8 U.S.C. 1326(a) and (b). Specifically, Count One charged him with being a citizen of the Dominican Republic who had previously been deported from the United States subsequent to a conviction for an aggravated felony, and with re-entering the United States without first seeking permission from the United States Attorney General. De Los Santos subsequently signed a plea agreement in which he acknowledged that the offense charged in Count One carried a maximum penalty of twenty years imprisonment.

On June 18, 2001, De Los Santos entered his plea of guilty to Count One before the District Court. At the hearing, the District Court noted that Count One carried a maximum penalty of twenty years imprisonment. In addition, counsel for the Government set forth the factual basis for the guilty plea, including the drug felony conviction in New York, and De Los Santos acknowledged the accuracy of the facts recited by the Government.

The District Court informed De Los Santos of the elements in the Count One offense as follows: (1) the defendant is not a citizen of the United States; (2) the defendant was lawfully deported from the United States; and (3) the defendant re-entered the United States without the consent of the Immigration and Naturalization Service. The District Court did not list an element referencing an aggravated felony. The District Court sentenced De Los Santos to four years imprisonment pursuant to the twenty-year maximum set forth in 1326(b)(2), rather than the two-year maximum set forth in 1326(a).

## II.

This appeal stems from a judgment of conviction and sentence. We exercise jurisdiction over an appeal from a final decision pursuant to 28 U.S.C. 1291. We also exercise jurisdiction to review a final sentence pursuant to 18 U.S.C. 3742.

De Los Santos claims that the District Court erred in sentencing him to four years imprisonment because he pleaded guilty to 1326(a), not 1326(b)(2). De Los Santos argues that the elements to which he pleaded guilty did not include deportation following conviction for an aggravated felony, as required under 1326(b)(2), and that, as a result, the maximum authorized sentence was two years pursuant to 1326(a). He asserts that the District Court committed plain error by sentencing him to four years imprisonment.

The United States Supreme Court has previously ruled that the provision in 1326(b)(2), stating "deportation was subsequent to a conviction for commission of an aggravated felony," simply authorizes an enhanced penalty and is not an element of a separate crime. See Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998). More recently, in Apprendi v. New Jersey, 530 U.S. 466, 489 (2000), the Supreme Court indicated that Almendarez-Torres may have been incorrectly decided. However, given that resolution of that issue was not necessary to reach a decision in Apprendi, the Court specifically declined to overrule Almendarez-Torres. See id. at 489-90. As the law stands today, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

Absent specific language in an opinion issued by the United States Supreme Court overturning one of its prior decisions, we lack the power to interpret one of its cases as having been overturned, regardless of whether or not the United States Supreme Court has indicated that a prior case may have been decided incorrectly. See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989) (stating that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.") Based on this reasoning, we have previously declined to engage in speculation about the future of Almendarez-Torres. See United States v. Weaver, 267 F.3d 231, 250-51 (3d Cir. 2001). Almendarez-Torres continues to stand as controlling authority today. Therefore, we find that the District Court committed no error in sentencing De Los Santos to four years imprisonment.

III.

Accordingly, for the reasons stated above, we affirm the sentence imposed by the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge